YAN CHUN LIN, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 06–2783–ag.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

Gary Yerman, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Jamie M. Dowd, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Chun Lin, a native and citizen of the People's Republic of China, seeks review of a May 16, 2006 order of the BIA denying Lin's motion to reopen removal proceedings. *In re Yan Chun Lin*, No. A 76 003 719 (B.I.A. May 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Lin's motion. The BIA appropriately noted that its prior decision had been issued in December 2002, and Lin did not file her motion until January 2006, well beyond the ninety day deadline. 8 C.F.R. § 1003.2(c)(2).

Moreover, the BIA properly found that Lin did not establish that she qualified for an exception to the time limitation for motions to reopen. The birth of U.S. citizen children is not a "changed country condition" in China. *See, e.g., Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). Lin argues, however, that just as the BIA ignored the petitioner's documents in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), it denied her motion without adequately addressing evidence establishing that conditions in China have worsened. This argument is unavailing.

Despite Lin's submission of the Aird affidavit and recent country reports, the BIA did not abuse its discretion in concluding that she failed to provide sufficient

evidence to support her allegation that relevant conditions in China already been deemed insufficient by this Court to establish changed country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006); *Guan v. BIA*, 345 F.3d 47 (2d Cir.2003).

Finally, we decline to remand this case to the BIA pursuant to our holding in *Shou Yung Guo*, because the documents described therein are not in the record of this case. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.